**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3839-21

DAVID ROE,

    Petitioner-Appellant,

v.

BOARD OF TRUSTEES,
POLICE AND FIREMEN'S
RETIREMENT SYSTEM,

    Respondent-Respondent.

_____

Argued February 12, 2024 – Decided March 11, 2024

Before Judges Mawla, Chase, and Vinci.

On appeal from the Board of Trustees of the Police and Firemen's Retirement System, Department of the Treasury, PFRS No. xxxxxx.

Cathlene Y. Banker argued the cause for appellant (C. Elston & Associates, LLC, attorneys; Catherine Mary Elston, of counsel; Cathlene Y. Banker, on the briefs).

Juliana C. DeAngelis, Legal Counsel, argued the cause for respondent (Nels J. Lauritzen, Deputy Director of Legal Affairs, attorney; Juliana C. DeAngelis, on the brief).

PER CURIAM

Appellant David Roe, a police officer employed by the City of Clifton ("Clifton"), appeals from the January 10, 2023 final administrative determination of the Board of Trustees (the "Board") of the Police and Firemen's Retirement System of New Jersey ("PFRSNJ") in which the Board determined appellant's application for accidental disability retirement benefits ("ADR") would be held in abeyance pending final resolution of his employment discrimination lawsuit against Clifton. Having considered the record and applicable legal standards, we affirm.

Appellant was hired by Clifton and enrolled in PFRSNJ effective January 1, 2007. On November 11, 2020, appellant and other Clifton police officers filed a civil lawsuit against Clifton alleging violations of the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 to -49, and other causes of action, captioned as Samuel Arnowitz v. City of Clifton, Docket No. PAS-L-3941-20 (Law Div. filed Nov. 11, 2020) (the "Lawsuit"). The Lawsuit is currently pending and seeks damages for time loss and loss of past and future wages, among other relief.

On December 27, 2020, appellant was injured in a shooting incident while on duty. On March 11, 2021, he filed an application for ADR benefits with

PFRSNJ. On December 16, 2021, the Division of Pensions and Benefits informed appellant his application for ADR benefits would be held in abeyance pending final resolution of the Lawsuit, pursuant to N.J.A.C. 17:1-6.2(d).

On March 3, 2022, appellant filed a petition with the Board, pursuant to N.J.S.A. 52:14B-8, seeking a declaratory ruling that his application should not be held in abeyance pending final resolution of the Lawsuit. On August 15, 2022, appellant filed his initial Notice of Appeal requesting "review of the inaction of the Board . . . to respond to [his] request for a declaratory ruling filed on March 3, 2022."

On December 12, 2022, the Board considered appellant's petition for a declaratory ruling and voted to deny the petition. By letter dated December 21, 2022, the Board advised appellant that it determined his application would continue to be held in abeyance and the "the Board Secretary [would] prepare findings of fact and conclusions of law that [would] be presented to the Board at its meeting of January 9, 2023, for discussion and review."

On January 10, 2023, the Board issued its final administrative determination in which it denied appellant's petition for a declaratory ruling and determined his application for ADR benefits would be held in abeyance pending final resolution of the Lawsuit pursuant to N.J.A.C. 17:1-6.2(d). The Board

based its decision on its "position . . . that any application for a retirement benefit submitted by a member with pending litigation pertaining to their employment be held in abeyance until such time as proof of a final resolution of the litigation or appeal is received." The Board stated it "cannot review an application without finalized information that potentially could have an impact on the calculation of the retirement benefit." It reasoned that "[l]itigation could result in possible changes to information that is fundamental to the processing of the retirement benefit, including, but not limited to, date of termination or final compensation . . . ."

On appeal, appellant asserts he is not challenging the Board's denial of his petition for a declaratory ruling. Rather, he "seeks judicial review of the Board's administrative procedures, which include the Board's initial inaction as to [his] petition for a declaratory ruling." Specifically, appellant contends the Board's: interpretation and application of N.J.A.C. 17:1-6.2(d) was arbitrary, capricious, and unreasonable; failure to address his request for a declaratory ruling prior to its December 12, 2022 meeting was arbitrary, capricious, and unreasonable; and procedures in addressing his "matter [were] fundamentally unfair" because the Board adopted its findings of fact and conclusions of law after it issued its initial decision.

Judicial review of quasi-judicial agency determinations is limited. Allstars Auto. Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018) (citing Russo v. Bd. of Trs., Police & Firemen's Ret. Sys., 206 N.J. 14, 27 (2011)). "An agency's determination on the merits 'will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record.'" Saccone v. Bd. of Trs., Police & Firemen's Ret. Sys., 219 N.J. 369, 380 (2014) (quoting Russo, 206 N.J. at 27).

"Arbitrary and capricious action of administrative bodies means willful and unreasoning action, without consideration and in disregard of circumstances. Where there is room for two opinions, action is [valid] when exercised honestly and upon due consideration, even though it may be believed that an erroneous conclusion has been reached." Worthington v. Fauver, 88 N.J. 183, 204-05 (1982) (alteration in original) (quoting Bayshore Sewerage Co. v. Dep't Env't Prot., 122 N.J. Super. 184, 199 (Ch. Div. 1973)).

"[G]enerally, when construing language of a statutory scheme, deference is given to the interpretation of statutory language by the agency charged with the expertise and responsibility to administer the scheme." Acoli v. N.J. State Parole Bd., 224 N.J. 213, 229 (2016). "Such deference is appropriate because it recognizes that 'agencies have the specialized expertise necessary to enact

regulations dealing with technical matters and are "particularly well equipped to read . . . and to evaluate the factual and technical issues that . . . rulemaking would invite."'" In re Freshwater Wetlands Prot. Act Rules, 180 N.J. 478, 489, (2004) (alterations in original) (quoting N.J. State League of Muns. v. Dep't of Cmty. Affairs, 158 N.J. 211, 222 (1999)).  However, although we afford great deference to an agency's interpretation, we are not bound by its interpretation of a statute or a legal issue.  Mondsini v. Local Fin. Bd., 458 N.J. Super. 290, 297 (App. Div. 2019) (citing Russo, 206 N.J. at 27).

Appellant's contention that the Board's interpretation and application of N.J.A.C. 17:1-6.2(d) was arbitrary, capricious, and unreasonable is not persuasive.  The aim of statutory interpretation is to give effect to Legislative intent.  "[T]he best indicator of that intent is the statutory language[.]"  Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007) (first alteration in original) (quoting DiProspero v. Penn, 183, N.J. 477, 492 (2005)).  N.J.A.C. 17:1-6.2 provides in relevant part:

> (a) When a member is subject to criminal charges . . . or dismissed from public employment due to administrative charges, the matter shall be referred to the Board Secretary's office to determine the status of any claim, which may be filed by the member.
>
> . . . .

A-3839-21

(c) No claims for retirement or death benefits can be processed until the matter has been fully adjudicated and completely resolved to the satisfaction of the Board . . . pursuant to N.J.A.C. 17:1-1.13(a)(4) [suspension of retirement benefits pending criminal charges or administrative or disciplinary action] . . . .

(d) Likewise[,] in cases where anything pertaining to a member's employment is in litigation, or under appeal, the matter shall be held in abeyance until the Division determines if claims can be processed or whether the processing of such claims are to be postponed pending a final resolution of the litigation or appeal.

N.J.A.C. 17:1-6.2(d) plainly and unambiguously provides "in cases where anything pertaining to a member's employment is in litigation . . . the matter shall be held in abeyance" until it is determined that the claim can be processed or that the processing should be "postponed pending a final resolution of the litigation . . . ." Contrary to appellant's argument, nothing in the text of N.J.A.C. 17:1-6.2(d) in any way limits its application to the types of criminal charges or administrative or disciplinary actions referenced in subsections (a) and (c) of N.J.A.C. 17:1-6.2. Unlike those subsections, N.J.A.C. 17:1-6.2(d) applies when "<u>anything</u> pertaining to a member's employment is in litigation." (emphasis added). Here, the Board determined appellant's application for ADR benefits would be held in abeyance until his Lawsuit is resolved because the relief sought in the Lawsuit could affect his application. The Board's decision was based on

a reasonable interpretation of the plain language of N.J.A.C. 17:1-6.2(d) and was supported by sufficient evidence in the record. The Board's decision was not arbitrary, capricious, or unreasonable and will not be disturbed on appeal.

Appellant's claims that the Board failed to address his petition for a declaratory ruling earlier and adopted its findings of fact and conclusions of law after it issued its initial decision are moot. See Redd v. Bowman, 223 N.J. 87, 104 (2015) ("An issue is moot when [our] decision sought in a matter, when rendered, can have no practical effect on the existing controversy.") (internal quotation omitted).

The Board's decision is supported by sufficient credible evidence on the record as a whole. R. 2:11-3(e)(1)(D). To the extent we have not otherwise addressed appellant's arguments, they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8                                                                              A-3839-21